**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ali Zaid Al-Quraishi, | No. CV-19-03181-PHX-DLR |
| Petitioner, | **ORDER** |
| v. | |
| Landers Distribution Group Incorporated, | |
| Respondent. | |

This is a straightforward petition to confirm a foreign arbitral award pursuant to 9 U.S.C. § 207. (Doc. 1.) Petitioner Ali Zaid Al-Quraishi & Partners for Electrical Services of Saudi Arabia's ("AQESA") is a Saudi Arabian company; Respondent Landers Distribution Group, Incorporated ("Landers") is an Arizona corporation. The two are co-owners of Pipeline Technologies and Services LLC ("PipeTech"), a company that provides services to the oil and gas industry in the Middle East and Africa. Under a Shareholders' Agreement ("SHA") governing the formation of PipeTech, AQESA owns 70% of the business and Landers own 30%. The SHA is governed by Saudi law but requires any claim arising out of or relating to the SHA to be resolved through arbitration in London according to the London Court of International Arbitration ("LCIA") Rules.

In April 2017, Landers submitted breach of contract, implied covenant of good faith and fair dealing, and fiduciary duty claims to the LCIA for arbitration. AQESA asserted two counterclaims, including that Landers defaulted under the SHA by failing to make its

pledged capital contribution to PipeTech. AQESA sought an order requiring Landers to transfer its interest in PipeTech to AQESA, as well as an award of attorneys' fees and costs. The arbitrator rejected Landers' claims and granted relief to AQESA on its counterclaims. The arbitrator ordered Landers to transfer its entire interest in PipeTech to AQESA, and to pay AQESA for its arbitration costs and legal fees. AQESA now asks the Court to confirm these two arbitral awards.

The United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"), as implemented by the Federal Arbitration Act ("FAA"), governs the confirmation of foreign arbitral awards. *Ministry of Defense and Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys., Inc.*, 665 F.3d 1091, 1098 (9th Cir. 2011). "Under the Convention, the district court's role is limited—it must confirm the award unless one of the grounds for refusal specified in the Convention applies to the underlying award." *Admart AG v. Stephen and Mary Birch Foundation, Inc.*, 457 F.3d 302, 307 (3d Cir. 2006). Article V of the Convention enumerates seven defenses: (1) lack of capacity of a party or invalidity of the arbitration agreement; (2) lack of proper notice or inability to present a case; (3) the award goes beyond the scope of the submission to arbitration; (4) the composition of the arbitral tribunal or the arbitral procedures were not in accordance with the parties' agreement or the applicable law; (5) the award has not yet become binding or has been set aside by a competent authority; (6) the subject matter of the dispute is not capable of being arbitrated; and (7) recognition of the award would be contrary to public policy of the country in which confirmation is sought. *See Ministry of Defense*, 665 F.3d at 1096 n.2. "These defenses are construed narrowly, and the party opposing recognition or enforcement bears the burden of establishing that a defense applies." *Id.* at 1096.

Landers does not argue that any of these seven grounds exist here. Landers instead argues that the Court should refuse to confirm the arbitral award because the FAA does not apply at all. Landers contends that Saudi Arabia's Law of Arbitration controls and that AQESA's petition to confirm the arbitral award does not conform to the procedural

requirements of Saudi law. (Doc. 7.) This argument is misguided.

Actions commenced in United States federal courts to confirm foreign arbitral awards are governed by the Convention and the FAA. *See Ministry of Defense*, 665 F.3d at 1095. This is so regardless of the substantive law governing the parties' underlying contract. *See, e.g., Pharmaniaga Berhad v. E\*HealthLine.com, Inc.*, 344 F.Supp.3d 1136, 1141-1142 (E.D. Cal. 2018) (applying FAA to a petition to confirm an arbitral award made in London under English law); *TMCO Ltd. v. Green Light Energy Solutions R&D Corp.*, No. 4:17-cv-00997-KAW, 2017 WL 5450762 (N.D. Cal. Nov. 14, 2017) (applying FAA to a petition to confirm an arbitral award made in London arising from a contract governed by Belgian law); *BU8 Sdn. Bhd. v. CreAgri, Inc.*, No. C-14-4503-EMC, 2015 WL 1010090 (N.D. Cal. March 6, 2015) (applying FAA to a petition to confirm an arbitral award made in Singapore arising from a contract governed by Singapore law). Indeed, Landers cites no case applying foreign arbitration law to a confirmation proceeding in a United States federal court. Landers' appeal to Saudi arbitration confirmation procedures is unavailing.

Alternatively, Landers argues that the Court should stay or dismiss this case based on *forum non conveniens* or under its inherent powers because the parties are engaged in other litigation in Saudi Arabia, and Landers believes it would be better for the Saudi Arabian courts to handle this matter. (Doc. 7.) These arguments are meritless. Landers is an Arizona corporation. It cannot credibly argue that Arizona is an inconvenient forum. More importantly, however, neither of these arguments are among the seven defenses enumerated in Article V of the Convention.

Because the Convention and the FAA apply, and Landers has not established any enumerated defense to confirmation of the arbitral awards at issue,

**IT IS ORDERED** that AQESA's petition (Doc. 1) is **GRANTED** as follows:

1. The Final Award dated November 9, 2018 and issued by arbitrator Ms. Marie Berard in LCIA Arbitration No. 173637 between Landers and AQESA is **CONFIRMED**.

2. The Final Award on Costs dated March 14, 2019 and issued by arbitrator Ms. Marie Berard in LCIA Arbitration No. 173637 between Landers and AQESA is

**CONFIRMED**.

3. In conformity with the Final Award, Landers shall transfer shares representing its entire percentage interest in PipeTech to AQESA and take all steps necessary to effect the transfer.

4. In conformity with the Final Award on Costs, Landers shall pay AQESA £33,807.76 for its arbitration costs, and SAR 4,409,555.88 to AQESA for its legal and other costs related to the arbitration, with post judgment interest on such amounts awarded pursuant to 28 U.S.C. § 1961.

5. The Clerk shall enter judgment accordingly and terminate this case.

Dated this 10th day of March, 2020.

Douglas L. Rayes
United States District Judge